COLE v. STATE

Skip to Main Content
Accessibility Statement

Help
Contact Us

e-payments
Careers

Home
Courts
Decisions
Programs
News
Legal Research
Court Records
Quick Links

OSCN Found Document:COLE v. STATE

Previous Case

Top Of Index

This Point in Index

Citationize

Next Case

Print Only

COLE v. STATE2021 OK CR 28Case Number: PCD-2020-529Decided: 10/07/2021BENJAMIN ROBERT COLE, SR., Petitioner v. THE STATE OF OKLAHOMA, Respondent
Cite as: 2021 OK CR 28, __ __

 

OPINION DENYING POST-CONVICTION RELIEF AND
DENYING MOTION TO STAY PROCEEDINGS

¶1 Benjamin Robert Cole, Sr. was tried by jury and convicted of First Degree Murder in the District Court of Rogers County, Case No. CF-2002-597. In accordance with the jury's recommendation the Honorable J. Dwayne Steidley sentenced Petitioner to death. Petitioner appealed his conviction and sentence in Case No. D-2004-1260, and this Court denied relief. Cole v. State, 2007 OK CR 27, 164 P.3d 1089. Petitioner previously sought post-conviction relief and was denied the same by this Court. See Cole v. State, Case No. PCD-2005-23 (Okl.Cr. Jan. 24, 2008)(unpublished) and Cole v. State, Case No. PCD-2020-332 (Okl.Cr. May 29, 2020)(unpublished). For the third time, Petitioner seeks post-conviction relief from this conviction and sentence.

¶2 The Capital Post-Conviction Procedure Act, 22 O.S.2011, § 1089(D)(8) provides for the filing of successive post-conviction applications. The statutes governing our review of second or successive capital post-conviction applications provide even fewer grounds to collaterally attack a judgment and sentence than the narrow grounds permitted in an original post-conviction proceeding. Sanchez v. State, 2017 OK CR 22, ¶ 6, 406 P.3d 27, 29.

¶3 In his sole proposition, Petitioner claims the District Court of Rogers County lacked jurisdiction to try him. Petitioner argues that his daughter, B.C., had some quantum of Cherokee blood and her murder occurred within the boundaries of the Cherokee Nation. He relies upon McGirt v. Oklahoma, 591 U.S. __, 140 S. Ct. 2452 (2020), in support of his claim.

¶4 Although this Court initially granted Petitioner relief based upon this proposition after an evidentiary hearing in district court,1 we subsequently decided State ex rel. Mark Matloff, District Attorney v. The Honorable Jana Wallace, Associate District Judge, 2021 OK CR 21, __ P.3d __, and denied retroactive application of McGirt to cases on collateral review. Thereafter, prior to issuance of the mandate, the order granting post-conviction relief was withdrawn in this case.2

¶5 In Matloff, we began our consideration of the retroactivity issue by finding, "McGirt announced a rule of criminal procedure . . . to recognize a long dormant (or many thought, non-existent) federal jurisdiction over major crimes committed by or against Indians in the Muscogee (Creek) Reservation." Id., at ¶ 26. This rule affected only the method of deciding a criminal defendant's culpability, therefore, it was a procedural ruling. Id., at ¶ 27. We further found that the McGirt rule was new because it broke new ground, imposed new obligations on both the state and the federal governments and the result was not required by precedent existing when the conviction at issue in Matloff was final. Id., at ¶ 28.

¶6 In reaching our decision on the non-retroactivity of McGirt, this Court held that our authority under state law to constrain the collateral impact of McGirt and its progeny "is consistent with both the text of the opinion and the Supreme Court's apparent intent . . . The Supreme Court itself has not declared that McGirt is retroactive to convictions already final when the ruling was announced." Id., at ¶ 33. Ultimately, we held in Matloff that "McGirt and our post-McGirt reservation rulings shall not apply retroactively to void a final state conviction . . ." Id., at ¶ 40.

¶7 Applying Matloff to the instant case, we find Petitioner's claim in this successive post-conviction proceeding warrants no relief.

DECISION

¶8 Petitioner's Application for Post-Conviction Relief and Motion for Stay of Proceedings are DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

 

APPEARANCES AT EVIDENTIARY HEARING

MICHAEL W. LIEBERMAN
THOMAS D. HIRD
ASST. FEDERAL PUBLIC DEFENDERS
215 DEAN A. MCGEE AVE., #707
OKLAHOMA CITY, OK 73102
COUNSEL FOR PETITIONER

MATTHEW J. BALLARD
DISTRICT ATTORNEY
210 W. DELAWARE, STE. 202
VINITA, OK 74301
COUNSEL FOR RESPONDENT

MIKE HUNTER
ATTORNEY GENERAL OF OKLAHOMA
RANDALL YOUNG
JULIE PITTMAN
ASST. ATTORNEYS GENERAL
313 N.E. 21ST ST.
OKLAHOMA CITY, OK 73015
COUNSEL FOR RESPONDENT

SARA HILL
CHRISSI NIMMO
CHEROKEE NATION, OFFICE OF
THE ATTORNEY GENERAL
P.O. BOX 1533
TAHLEQUAH, OK 74465
COUNSEL FOR THE CHEROKEE NATION

APPEARANCES ON APPEAL

MICHAEL W. LIEBERMAN
THOMAS D. HIRD
ASST. FEDERAL PUBLIC DEFENDERS
215 DEAN A. MCGEE AVE., #707
OKLAHOMA CITY, OK 73102
COUNSEL FOR PETITIONER

MIKE HUNTER
ATTORNEY GENERAL
OF OKLAHOMA
RANDALL YOUNG
ASST. ATTORNEY GENERAL
313 N.E. 21ST ST.
OKLAHOMA CITY, OK 73105
COUNSEL FOR RESPONDENT

OPINION BY LUMPKIN, J.
ROWLAND, P.J.: Concur
HUDSON, V.P.J.: Concur
LEWIS, J.: Concur

FOOTNOTES

1 Cole v. State, 2021 OK CR 10, 492 P.3d 11.

2 Cole v. State, 2021 OK CR 26, __ P.3d __.

 

Citationizer© Summary of Documents Citing This Document

Cite
Name
Level

None Found.

Citationizer: Table of Authority

Cite
Name
Level

Oklahoma Court of Criminal Appeals Cases
 CiteNameLevel

 2007 OK CR 27, 164 P.3d 1089, COLE v. STATEDiscussed
 2017 OK CR 22, 406 P.3d 27, SANCHEZ v. STATEDiscussed
 2021 OK CR 10, WITHDRAWNCited
 2021 OK CR 21, STATE ex rel. MATLOFF v. WALLACECited
 2021 OK CR 26, COLE v. STATECited
Title 22. Criminal Procedure
 CiteNameLevel

 22 O.S. 1089, Post-Conviction Relief for Death Penalty Conviction - Grounds for AppealCited

oscn

EMAIL: webmaster@oscn.net
Oklahoma Judicial Center
2100 N Lincoln Blvd.
Oklahoma City, OK 73105

courts

Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals
District Courts

decisions

New Decisions
Supreme Court of Oklahoma
Court of Criminal Appeals
Court of Civil Appeals

programs

The Sovereignty Symposium

Alternative Dispute Resolution
Early Settlement Mediation
Children's Court Improvement Program (CIP)
Judicial Nominating Commission
Certified Courtroom Interpreters
Certified Shorthand Reporters
Accessibility ADA

Contact Us
Careers
Accessibility ADA